Michael Jacobs
*Pro Se* Defendant
800 Calle Divina NE
Albuquerque, NM 87113
Tel: (505) 321-3044
Fax: (855) 480-8756
Email: michael.mjphoto@gmail.com

MEMO ENDORSED:
The Government will respond to Defendant's application by **August 17, 2021.**

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge
Dated: August 10, 2021

IN THE UNITED STATES DISTRICT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v.-<br><br>MICHAEL JACOBS<br><br>                  Defendant. | Case No. <u>16 Cr. 800(PGG)</u><br><br>UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>Judge: Hon. Paul G.Gardephe |

## I. INTRODUCTION

*Pro Se*[1] Defendant, MICHAEL JACOBS, hereby moves the Court to terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). The 3-year term of supervised release began on July 19, 2019. Mr. Jacobs has already completed two thirds of his supervisory term, which is 24 months.

Mr. Jacobs is being administratively supervised in the District of New Mexico where he lives and works. He reports once a month on-line. Prior to filing this petition, Mr. Jacobs

---

[1] The Supreme Court found that pro se pleadings should be held to "less stringent standards" than those drafted by attorneys. <u>Haines v. Kerner</u>, 404 U.S. 520 (1971), <u>Puckett v. Cox</u>, 456 F. 2d 233 (1972) (6th Cir. USCA).

sought approval of Probation Services Technicians Andrea Maestas and as of July 15, 2021, Stacy Vasquez[2], and their supervisor Joe Golino. The probation officers have informed Mr. Jacobs that he is in full compliance in all areas of supervision, including making monthly payments on his restitution obligation. The technicians and their supervisor do not oppose this petition. A proposed order is attached for the Court's convenience.

II. APPLICABLE LAW

Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." No hearing is requested for this unopposed petition.

Section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release. The Judicial Conference has identified the following criteria to assess eligibility for early termination:

> Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the

---

[2] Contact information:
Telephone (505) 348-2623; Email: stacy_vasquez@nmp.uscourts.gov

court as an appropriate candidate for early termination are as follows:

1. stable community reintegration (e.g., residence, family, employment);

2. progressive strides toward supervision objectives and in compliance with all conditions of supervision;

3. no aggravated role in the offense of conviction, particularly large drug, or fraud offenses;

4. no history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);

5. no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;

6. no recent evidence of alcohol or drug abuse;

7. no recent psychiatric episodes;

8. no identifiable risk to the safety of any identifiable victim; and

9. no identifiable risk to public safety based on the Risk Prediction Index (RPI).

Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 380.10(b), **"Early Termination"** (Monograph 109)(rev'd 2010)(emphasis added).

Pursuant to the policy, "there is a presumption in favor of recommending early termination" for supervisees after the first 18 months if they are not "career violent and/or drug offenders, sex offenders, or terrorists," if they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity violations." Id., § 380.10(g).

Further, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial

Conference, issued a memorandum to all United States District Court Judges encouraging them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge Bell's memorandum notes that supervision costs approximately $3,938 per year per case. Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." Id.

III. MR. JACOBS SATISFIES ALL THE CRITERIA FOR EARLY TERMINATION

Mr. Jacobs satisfies all the factors set forth for early termination. He has completed all his terms of supervision and is on administrative supervision. He has made obligated payments of his restitution obligation and will continue to do so even after supervision is completed. He had no special conditions. Notably, although he has no conditions requiring any sort of counseling, he continued to be part of mental health program at the Veteran's Hospital during the course of supervision.

Mr. Jacobs pled to Conspiracy to Impersonate an Officer or Employee of the United States in May 2018, for which he received three years in custody. He served his prison time without incident. His supervision has likewise been without any incident.

Mr. Jacobs has steady employment as the staff photographer of Albuquerque the Magazine, has a residence to support his family life and is involved in community service. He is the father of one child, the stepfather of one child with two grandchildren. His oldest is a Harvard PhD geneticist, the second child is a graduate of Loyola Marymount University.

The Court is often called upon to impose serious consequences for defendants who violate supervised release. Mr. Jacobs has completed every condition asked of him and has gone far beyond the requirements of his supervision. He has fully reintegrated into society and is a valued worker, family member, and citizen. He has achieved stable community reintegration in terms of housing, family, and employment. He is in full compliance with all terms of supervision. He had no aggravated role in any offense, no violence, or weapons in this offense, and as this Court is aware, he does not use controlled substances. He has no further psychiatric issues as that is being handled through the Veteran's Administration. He enjoys the full support of his community. He is an ideal candidate for

early termination of supervised release based on every factor the Court must consider.

Given Mr. Jacobs's commendable reentry into the community and performance on supervised release, he respectfully requests that the Court order that his term of supervision be terminated under 18 U.S.C. § 3583(e).

DATED: July 21, 2021

Respectfully submitted,

_____
Michael Jacobs
*Pro Se* Defendant

SERVICE LIST:

Sagar Ravi
Assistant United States Attorney
Southern District of New York
The Silvio J. Mollo Bldg.
One Saint Andrew's Plaza
New York, NY.  10007

ORDER

Pursuant to 18 U.S.C. § 3583(e)(1), the Court hereby TERMINATES the term of supervised release in this case and discharges Mr. Jacobs for the reasons set forth above. Dated: _____

_____
PAUL G. GARDEPHE
UNITED STATE DISTRICT JUDGE